UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN P. CARR,

      Plaintiff,

    v.                                          Civil No. 08-398-HA

                                                OPINION AND ORDER

THE STATE OF OREGON, et al,

      Defendants.

HAGGERTY, Chief Judge:

      Plaintiff David Carr's Complaint [1] alleges defendants violated his constitutional rights by maintaining his arrest record for violation of a protective order. Plaintiff, acting *pro se*, seeks declaratory relief and damages. Defendants moved to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' Motions to Dismiss [19 and 22] are GRANTED.

1- OPINION AND ORDER

## STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007); Fed. R. Civ. P. 12(b)(6). Dismissal under rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The reviewing court must treat all facts alleged in the complaint as true, and all doubts are resolved in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, *see* 28 U.S.C. § 1654 (1982), and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957, citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974); *Johnson v. Avery*, 393 U.S. 483 (1969); *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir. 1961). When considering a Motion to Dismiss, *"pro se* pleadings are liberally construed." *Balistreri*, 901 F.2d at 699. "This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Id.*

## BACKGROUND

Plaintiff is no stranger to the inside of a courtroom. Plaintiff's prior related claims have been considered in Clark County Superior Court, the Washington Court of Appeals, the

2- OPINION AND ORDER

Washington Supreme Court, Multnomah County Circuit Court, the Oregon Court of Appeals, the Oregon Supreme Court, and the United States District Court for the Western District of Washington.

This spat of litigation began on October 15, 2004, when a Washington Superior Court judge in Clark County issued an Order of Protection against plaintiff requiring him to have no contact with his former spouse, Karyn. This Order of Protection was later extended to October 27, 2005 by a second Clark County judge. *Carr v. Reed,* 2007 WL 3274914, *2 (W. D. Wash. Nov. 5, 2007).

On November 5, 2004, Karyn called the police from a restaurant in Portland, Oregon to report that plaintiff was violating the Order of Protection. Pl. Compl. ¶ 31. Portland police officers arrived at the scene and arrested plaintiff. *Id.* at ¶ 61. The Multnomah County District Attorney's office declined to bring charges against plaintiff following his arrest. *Id.* at ¶ 3.

On November 12, 2004, plaintiff filed a petition for an Order of Protection against Karyn. *Carr v. Reed,* 2007 WL 3274914 at *2. This petition was denied. *Id.*

On December 10, 2004, a third Clark County judge entertained plaintiff's motions and denied them. *Id.* at *3. On January 18, 2005, plaintiff filed a notice of appeal with the Washington State Court of Appeals. *Id.* The Court of Appeals issued an opinion affirming the decisions of the Clark County Superior Court. *Id.* (see *Carr v. Hunting*, 132 Wn.App. 1057 (2006)). Plaintiff appealed the Court of Appeals decision to the Washington Supreme Court. *Id.* On January 31, 2007, the Washington Supreme Court denied review. *Carr v. Hunting*, 153 P.3d 196 (2007).

3- OPINION AND ORDER

Meanwhile in Oregon, plaintiff sought to have his arrest record expunged. On November 28, 2005, plaintiff moved the Multnomah County Circuit Court to have his arrest record sealed. However, the court concluded that under Oregon Revised Statute (ORS) § 137.225, arrests for violations of a civil restraining order may not be expunged. Pl. Compl. ¶ 4. Plaintiff appealed this decision to the Oregon Court of Appeals, which affirmed on November 7, 2007. Plaintiff then filed a Petition for Review in the Oregon Supreme Court. *Id.* On March 5, 2008, the Oregon Supreme Court denied review. *Id.*

## DISCUSSION

Plaintiff's Complaint purports to state five counts for relief. Each count states various reasons his arrest record should be expunged, including violations of his constitutional rights under the Due Process and Equal Protection clauses. Plaintiff asserts the Portland Police Bureau should not have arrested him and that the Multnomah County Circuit Court erred in failing to seal his arrest record. Plaintiff seeks to have his arrest record expunged, and an award of money damages.

Defendants contend that plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine, *res judicata*, failure to state a claim for which relief can be granted, and the statute of limitations. Under the *Rooker-Feldman* doctrine, a United States District Court "has no authority to review final judgments of a state court in judicial proceedings." *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 473 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Only the United States Supreme Court has jurisdiction to hear such an appeal. This rule extends to situations in which a district court is asked to hear a claim that was not argued in state

4- OPINION AND ORDER

court but is "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 483 n.16.

The Ninth Circuit has stated a general rule for determining whether the *Rooker-Feldman* doctrine is applicable: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Plaintiff seeks to collaterally attack the decision of the Multnomah County Circuit Court to deny plaintiff's request to have his arrest record expunged. The claims raised in plaintiff's Complaint attempt to enlist the federal court in overturning the decision of the Multnomah County Circuit Court.

Specifically, claims I through IV of plaintiff's Complaint assert that the Multnomah County Circuit Court "relied on narrow interpretations of that court's jurisdiction," and that the court should have expunged his arrest record under the Fourteenth Amendment of the United States Constitution. Pl. Compl. ¶ 15. In these claims, plaintiff asserts that: the court failed to consider his constitutional claims, the arrest violated his equal protection rights because of sexual bias and as such the record should have been expunged, the police records of his arrest are inaccurate in violation of his due process rights and should have been expunged, and that the Multnomah County Circuit Court did not consider evidence in violation of his due process rights. *Id.* at ¶¶ 15, 26, 28, and 39.

Plaintiff contends that these claims are not barred by the *Rooker-Feldman* doctrine because plaintiff's constitutional claims were not considered by Multnomah County Circuit Court. This court notes that plaintiff's Fourteenth Amendment arguments were raised in state court, and in relying on ORS § 137.225, it appears the court dismissed those claims as meritless. That said, even if plaintiff's constitutional claims were not considered by the state court, they would still be barred by the *Rooker-Feldman* doctrine. A plaintiff may not seek federal review of a state court judgment by recasting his or her complaint on federal constitutional grounds. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986); *see also Feldman*, 460 U.S. at 484; (quoting *Doe v. Pringle*, 550 F.2d 596, 599 (10th Cir. 1976) for the proposition that the *Rooker-Feldman* doctrine "'applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights'"). Accordingly, this court lacks subject matter jurisdiction to hear counts I through IV. Only the Supreme Court of the United States has jurisdiction to hear these claims.

In count V of plaintiff's Complaint, plaintiff appears to simply allege that he was arrested and detained for seventy-two hours without probable cause, entitling him to damages. Pl. Compl. ¶¶ 60-64. However, plaintiff may also be alleging that the arrest record should be expunged because the arrest was made without probable cause. To the extent that plaintiff is requesting that this court revisit the question of whether to expunge his arrest record, count V is dismissed under the *Rooker-Feldman* doctrine. To the extent that plaintiff is requesting damages for the alleged warrantless arrest and detention, rather than the maintenance of his arrest record, count V is not barred by the *Rooker-Feldman* doctrine. However, under this interpretation,

6- OPINION AND ORDER

count V raises a challenge under 42 U.S.C. § 1983, and is barred by the applicable statute of limitations.

Section 1983 claims are considered personal injury claims in the District of Oregon, and are governed by Oregon's two-year statute of limitations for personal injury actions. *Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir. 1986); ORS 12.110(1). Plaintiff's purported § 1983 action is based on his arrest and detention in November of 2004. This action was not filed until March 2008. A statute of limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Here, the running of the statute is readily apparent from the face of the complaint. Accordingly count V of plaintiff's Complaint is barred by the statute of limitations.

This case is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because plaintiff's Complaint must be dismissed under the *Rooker-Feldman* doctrine, and the applicable statute of limitations, this court is not considering defendants' other grounds for dismissal.

7- OPINION AND ORDER

**CONCLUSION**

For the reasons provided, this court GRANTS Defendants' Motions to Dismiss [19 and 22], and this case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  20   day of October, 2008.

                                                                   /s/ Ancer L. Haggerty

                                                                  Ancer L. Haggerty

                                                                  United States District Court